UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNETTE BLANCHARD, | CASE NO. C17-1088JLR |
| Plaintiff, | ORDER |
| v. | |
| NORTH CASCADE TRUSTEE SERVICES, INC., et al., | |
| Defendants. | |

Before the court are *pro se* Plaintiff Annette Blanchard's complaint (Compl. (Dkt. # 5)) and Magistrate Judge Mary Alice Theiler's order granting Ms. Blanchard *in forma pauperis* ("IFP") status and recommending that the court review her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 4)). Ms. Blanchard has previously filed a nearly identical suit in this court, which the court dismissed without prejudice for lack of subject matter jurisdiction. *See Blanchard v. N. Cascade Tr. Servs., Inc.*, No. C16-1544JLR (W.D. Wash.), Dkt. ## 22-23. Because this action suffers the same

ORDER - 1

jurisdictional shortcomings as that case, the court DIRECTS the Clerk to refrain from issuing summonses, DISMISSES Ms. Blanchard's complaint (Dkt. # 5) for lack of subject matter jurisdiction, and GRANTS Ms. Blanchard leave to amend her complaint no later than August 17, 2017.

In this case and the prior case, Ms. Blanchard sued Defendant North Cascade Trustee Services ("NCTS"). *See Blanchard*, No. C16-1544JLR, Dkt. # 21 at 1-2. Like Ms. Blanchard, NCTS is a Washington domiciliary and therefore destroys complete diversity. *See id.*, Dkt. # 22 at 2. In any case, Ms. Blanchard does not invoke diversity jurisdiction in this case. (*See* Compl. at 4 (indicating only federal question jurisdiction as the basis of the court's subject matter jurisdiction).)

In the prior suit, Ms. Blanchard also asserted federal question jurisdiction, but she cited two statutes—28 U.S.C. § 1331 and 28 U.S.C. § 1449—that do not confer substantive rights and did not relate to her claims. *Blanchard*, No. C16-1544JLR, Dkt. # 22 at 2 (citing *Blanchard*, No. C16-1544JLR, Dkt. # 21 at 3). Ms. Blanchard also invoked in passing her "right to due process and constitutional rights," *id.*, Dkt. # 21 at 5 (capitalization altered), but her causes of action—fraud, negligence, malfeasance, and misrepresentation—were grounded in state law, *id.*, Dkt. # 22 at 2. Accordingly, the court concluded that Ms. Blanchard "assert[ed] only state law claims and fail[ed] to allege facts to support federal question jurisdiction." *Id.* at 3. The court dismissed the previous action without prejudice on February 16, 2017. *Id.*

As compared to her complaints in the previous action, Ms. Blanchard's complaint in this case is identical in all manners relevant to federal question jurisdiction. (*Compare*

Compl. at 4, 6), *with Blanchard*, No. C16-1544JLR, Dkt. ## 6 at 6, 21 at 4, 6.  Here, Ms. Blanchard asserts that 28 U.S.C. §§ 1331-46 and Article III of the United States Constitution serve as the basis for federal question jurisdiction.  (Compl. at 4.)  Like in her original case, neither the cited statutory provisions nor Article III "confer substantive rights or relate to this case."  *See Blanchard*, No. C16-1544JLR, Dkt. # 22 at 2.  Here, like in her original case, Ms. Blanchard invokes in passing her due process and other constitutional rights.  (Compl. at 6); *see Blanchard*, No. C16-1544JLR, Dkt. # 21 at 6.  But like in her original case, *see Blanchard*, No. C16-1544JLR, Dkt. # 22 at 2, the only claims Ms. Blanchard asserts proceed under state law and seek to quiet title to her property, enjoin an impending foreclosure sale, and obtain monetary damages (Compl. at 6).  The court therefore concludes that the complaint fails to allege facts that support federal question jurisdiction.

Because of the lack of complete diversity and the absence of a federal question, the court lacks subject matter jurisdiction over this action.  The court therefore dismisses Ms. Blanchard's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See Moss v. Infinity Ins. Co.*, No. 15-cv-03456-JSC, 2015 WL 5360294, at *2-3 (N.D. Cal. Sept. 14, 2015) (dismissing pursuant to Section 1915(e) for lack of subject matter jurisdiction).

Between this action and Case No. C15-1544JLR, Ms. Blanchard has twice failed to allege facts supporting subject matter jurisdiction in response to a court order explaining that deficiency.  *See Blanchard*, No. C16-1544JLR, Dkt. ## 10-11, 20-22; (Compl.)  It therefore appears that amendment of the current complaint would be futile.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, in consideration

of Ms. Blanchard's *pro se* status, the court GRANTS Ms. Blanchard leave to amend her complaint to adequately allege subject matter jurisdiction.[1] Ms. Blanchard must file her amended complaint, if any, no later than August 17, 2017. If she chooses to amend her complaint, Ms. Blanchard must indicate, either on the amended complaint itself or in a separate, concurrent filing, (1) what allegations she has added to the amended complaint that were not present in the initial complaint, and (2) how those allegations support federal jurisdiction. If Ms. Blanchard fails to timely respond to this order or her amended complaint fails to demonstrate a basis for the court's subject matter jurisdiction, the court will dismiss this matter without leave to amend.

Dated this 2d day of August, 2017.

JAMES L. ROBART
United States District Judge

---

[1] The court cautions Ms. Blanchard that an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).