# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ANNETTE BLANCHARD, | CASE NO. C17-1088 MJP |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| NORTH CASCADE TRUSTEE SERVICES, INC, et al., | |
| Defendants. | |

The Court, having received and reviewed:

1. Defendants' Motion for Dismissal (Dkt. No. 32),

2. Motion of Defendant North Cascade Trustee Services, Inc. Joining in Co-Defendants' Motion to Dismiss (Dkt. No. 33)[1]

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that this matter is DISMISSED with prejudice.

---

[1] No responsive brief was filed by Plaintiff.

ORDER OF DISMISSAL - 1

**Background**

This case has a lengthy procedural history, beginning with a mortgage default in February 2013, continuing through numerous bankruptcy filings and culminating in the filing of a series of lawsuits, of which this is merely the latest.[2] Plaintiff has twice been ordered in the instant matter to serve Defendants in conformity with the Federal Rules of Civil Procedure (FRCPs)—she first responded by filing unexecuted waivers of service (Dkt. No. 28) and most recently filed a "Proof of Service" indicating that the "Complaint and Request for Injunction" were mailed to Defendants. (Dkt. No. 31.)

Defendants bring this motion seeking dismissal on pursuant to FRCP 4(m), and FRCP 12(b)(2) and (b)(5) (lack of personal jurisdiction); FRCP 12(b)(1) (lack of subject matter jurisdiction); and FRCP 12(b)(6) (failure to properly state a claim). Plaintiff has filed no response to the motion.

**Discussion**

*Lack of personal jurisdiction*

This matter was originally filed on July 25, 2017 (Dkt. No. 5), and an amended complaint was filed on August 17, 2017. Dkt. No. 12. FRCP 4(m) states that Plaintiff must serve Defendants within 90 days following filing of a complaint, or be subject to dismissal without prejudice. Despite being given multiple opportunities to properly serve Defendants (*see* Dkt. Nos. 26, 28, and 30), Plaintiff has failed to establish proper, timely proof of service in compliance with FRCP 4. Nor has she obtained and filed waivers of service from those parties.

---

[2] *See* Case Nos. 2:16-cv-1544 and 2:17-cv-415, both dismissed.

The result is that this Court is unable to exercise personal jurisdiction over any of the defendants. In conformity with FRCP 4(m) (having given Plaintiff multiple opportunities to cure), the Court is required to dismiss her action.

### *Lack of subject matter jurisdiction*

A federal district court has original jurisdiction of all civil actions where the amount in controversy is greater than $75,000 and the dispute arises between citizens of different states. 28 U.S.C. § 1332(a)(1). Plaintiff does not claim diversity as a basis for jurisdiction in this suit. Dkt. No. 12, Amended Complaint at 3.

She asserts, rather, federal question jurisdiction, which requires that the lawsuit arise under the "Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Her complaint alleges that she is asserting claims under "USC 1331-1446 & including all Article III Constitution Elements." (Dkt. No. 12 at 3.) Section 1331-1446 of 28 U.S.C. are solely concerned with jurisdiction, venue and removal and do not qualify as a substantive basis for "federal question" jurisdiction. Article III is similarly concerned with jurisdictional, not substantive, matters and provides no basis for this case to proceed under "federal question" jurisdiction.

Plaintiff also alleges a due process violation under the federal Constitution for "fraudulent banking and mortgage procedures" including "fraud, negligence, malfeasance, and misrepresentation." (Id. at 5.) This Court concurs with another judge in this district who found nearly-identical claims by Plaintiff to be "generally grounded in state law" without a corresponding federal law to support them. *See* Blanchard v. N. Cascade Tr. Svcs., No. C16-1544JLR, 2017 U.S. Dist. LEXIS 22456, at *2-3 (W.D. Wash. Feb. 16, 2017).

As this is the third lawsuit in which Plaintiff has plead similar claims and failed to conform them to the requirements of federal jurisdiction, the Court finds that it would be futile to allow her to attempt to amend them.

### *Failure to state a claim upon which relief may be granted*

FRCP 12(b)(6) permits a court to dismiss a cause of action or a complaint for "failure to state a claim upon which relief can be granted." "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 674 (2009).

A review of Plaintiff's complaint reveals a complete absence of any factual allegations that would comprise the basis for a valid federal claim. Plaintiff's amended complaint is simply a recitation of legal conclusions based on her belief that Defendants have somehow harmed her. As in her previous lawsuits, she has provided no facts from which a court could conclude that her conclusions are correct and actionable. Plaintiff has failed to state a claim upon which relief can be granted in federal court.

### Conclusion

Defendants have established firm bases for dismissal under FRCP 4(m), FRCP 12(b)(1),(b)(2) and (b)(5), and FRCP 12(b)(6). In light of Plaintiff's extensive history of litigation (and dismissal) and her failure to respond to this set of dispositive motions, the Court feels fully justified in not only dismissing her action, but in dismissing it with prejudice.

The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

Dated: April 4, 2018.

The Honorable Marsha J. Pechman
United States Senior District Court Judge